## Tkebuchava v New York City Tr. Auth.

2024 NY Slip Op 34501(U)

December 17, 2024

Supreme Court, Kings County

Docket Number: Index No. 527319/2024

Judge: Gina Abadi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, City Part 7 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof at 360 Adams St., Brooklyn, New York on the 17th day of December 2024.

PRESENT:

HON. GINA ABADI,
J.S.C.

---

TATO TKEBUCHAVA,

Petitioner,

-against-

NEW YORK CITY TRANSIT AUTHORITY,

Respondent.

Index No.: 527319/2024

Motion Seq: 1

DECISION/ORDER

---

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

| Papers | NYSCEF Numbered |
|---|---|
| Notice of Motion/Cross Motion/Order to Show Cause and Affidavits (Affirmations) Annexed…………………………….. | 1-14 |
| Opposing Affidavits (Affirmations)……………………….….. | 15-17 |
| Reply Affidavits (Affirmations)………………………….….. | 18 |
| Other………………………………………………………… | |

Upon the foregoing cited papers and after oral argument, the Decision/Order on this petition is as follows:

Petitioner moves by order to show cause, sequence one, for leave to serve a late notice of claim and/or to deem a late notice of claim timely served nunc pro tunc. "Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action sounding in tort against the NYCTA." *Molme v New York City Tr. Auth.,* 177 AD3d 601 (2d Dept 2019); *see* General Municipal Law § 50-e (1)(a); Public

1

[* 1]

Authorities Law § 1212 (2). "Pursuant to General Municipal Law § 50-e (5), in determining whether to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice and for the delay in seeking leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the public corporation in its ability to defend against the action." *Molme,* 177 AD3d 601; *see Jaime v City of New York*, 41 NY3d 531 (2024).

A lack of due diligence by petitioner's counsel to ascertain the responsible municipal entity does not constitute a reasonable excuse. *See Shavreshyan v City of New York*, 207 AD3d 470 (2d Dept 2022). An error of the petitioner's counsel regarding the identity of the public corporation against whom the claim should be brought does not provide a reasonable excuse for failing to serve a timely notice of claim. *See Hernandez v Inc. Vil. of Val. Stream*, 209 AD3d 1023 (2d Dept 2022) (petition filed 4 ½ months after the 90 days), *compare Gershanow v Town of Clarkstown,* 88 AD3d 879 (2d Dept 2011) (holding that petitioner's error in serving the wrong town with respect to the subject claim was excusable where it was promptly remedied upon discovery of the mistake by filing the petition within 30 days after expiration of the 90 days). Moreover, the reasonable excuse prong cannot be met where petitioner fails to proffer any explanation for the delay between

2

[* 2]

the time the attorney discovered the error and the petition is commenced. *See Shavreshyan*, 207 AD3d 470.

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim within 90 days of the claim's accrual or within a reasonable time thereafter.'" *Jaime*, 41 NY3d 531 (2024), quoting GML § 50-e (5). "Courts are to place great weight on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence." *Jaime*, 41 NY3d 531. "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence." *Jaime*, 41 NY3d 531. A plaintiff's affidavit translated to them prior to signing is inadmissible wherein the certificate of translation insufficiently states the translator's qualifications. *See Reyes v Underwood*, 220 NYS3d 830 (2d Dept 2024); *see also Bing Hui Chen v Speedway Plumbing Corp.*, 138 AD3d 660 (2d Dept 2016). An uncertified police accident report constitutes inadmissible hearsay evidence. *See Yassin v Blackman*, 188 AD3d 62 (2d Dept 2020). Unauthenticated photographs are inadmissible and do not establish actual knowledge. *See Nunez v City of New York*, 208 AD3d 485 (2d Dept 2022).

"Courts should not assume that every municipal employee's knowledge of essential facts is necessarily imputed to the municipality." *Jaime*, 41 NY3d 531. "Allowing imputation in every case would undermine the purpose of the notice of claim requirement because not every employee's knowledge will necessarily afford the municipality an

3

[* 3]

opportunity to commence a prompt investigation." *Id.* "Generally, knowledge of essential facts as to time and place by an actor in a position to investigate will suffice." *Id.* "Whether a particular employee's actual knowledge is imputable to the municipality involves a fact-specific inquiry committed to the sound discretion of the trial court, whose determination should not be disturbed on appeal so long as it is supported by facts in the record." *Id.*

"While the contents of records in the municipality's possession may sometimes be sufficient to demonstrate that a municipality acquired actual knowledge of the essential facts constituting the claim within a reasonable time, mere possession or creation of ... records does not ipso facto establish ... actual knowledge." *Jaime*, 41 NY3d 531 (2024); *see Molme*, 177 AD3d 601 (2d Dept 2019) (holding that the reports prepared by the NYCTA's employees or the police accident report failed to provide actual notice of petitioner's claim that she sustained serious injuries due to NYCTA's negligence because the reports did not indicate that anyone was injured in the accident); *see also Grandberry v City of New York*, 206 AD3d 654 (2d Dept 2022) ("despite the sanitation truck driver's participation in the accident, the petitioner failed to demonstrate that the driver or any other employee of the City had knowledge that she sustained any injury from the accident. Thus, the City had no reason to conduct a prompt investigation into the purported negligence").

A timely notice of claim filed by another claimant to the incident can provide actual knowledge in circumstances where petitioner's injuries were apparent from the timely filed notice of claim. *See Joy v County of Suffolk*, 89 AD3d 1025 (2d Dept 2011) (municipal entity acquired timely actual knowledge of the essential facts underlying petitioner's claim where another claimant's timely filed notice of claim included copies of the police accident

4

report that indicated that petitioner had allegedly sustained injuries in the accident); *see also Tejada v City of New York*, 161 AD3d 876 (2d Dept 2018) (where the timely filed notice of claim described the nature of the accident including that both the timely claimant and petitioner were injured and taken to the hospital).

In the instant matter, petitioner failed to proffer a reasonable excuse for their lack of due diligence in ascertaining the correct entity. Petitioner admits to filing a notice of claim against the Metropolitan Transit Authority due to reliance upon the police report, which is not a reasonable excuse. The Metropolitan Transit Authority informed counsel, by letter, of the mistake within 30 days of the accident and well within the 90 days to file a timely notice of claim. Additionally, no explanation for the nearly three-month delay in filing the instant petition when the error was discovered two months prior to the expiration of the time to file a notice of claim was provided.

Petitioner fails to demonstrate that respondent had actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time thereafter. The petition failed to submit evidence in admissible form. The petition's certificate of translation did not state its accuracy or the translator's qualifications. Moreover, the police report was uncertified. The purported bus passenger's timely filed notice of claim does not provide respondents with actual knowledge of petitioner's personal injury claims as the police report annexed to that notice of claim fails to indicate that petitioner sustained injuries. See *Molme*, 177 AD3d 601 (2d Dept 2019).

Lastly, petitioner failed to meet its burden in showing that the nearly three-month delay in commencing this proceeding did not substantially prejudice respondent in

5

defending on the merits where respondent did not have actual knowledge of the petitioner's personal injuries and they could not conduct a prompt investigation into that claim.

Accordingly, the order to show cause, sequence one, for leave to serve a late notice of claim is denied and the petition is dismissed.

The foregoing constitutes the decision and order of this Court.

ENTER:

HON. GINA ABADI
J.S.C.

KINGS COUNTY CLERK
FILED
2024 DEC 19 A 9: 41

6

[* 6]